Argued November 24, affirmed December 23, 1953

# CRAWFORD, JR. *v.* KETELL

265 P. 2d 246

R. *Lauren Miller,* of Portland, argued the cause for appellant. With him on the brief was William B. Murray, of Portland.

*Edw. M. Murphy,* of Roseburg, argued the cause for respondent. On the brief were Yates, Murphy & Carlson, of Roseburg.

PERRY, J.

This is an action brought by the plaintiff against the defendant which resulted in a verdict for the plaintiff, and the defendant appeals.

The plaintiff commenced his action on July 20, 1951, alleging that he had been employed by the defendant to sell and rent certain dwellings in Douglas county, Oregon, in that certain development known as Cloverdale Subdivision; that he had earned a commission of $6,954.61, of which he had been paid $4,776.30, and there was still due and owing to him from the defendant the sum of $2,178.38, with interest at 6 per cent per annum from August 15, 1950, until paid.

Subsequent to the filing of the complaint, the parties thereto through their attorneys entered into a stipulation to the effect that the action should be held in abey-

ance, and the plaintiff was paid the sum of $500 and received from the defendant a promissory note in the sum of $1800, together with interest at 6 per cent per annum until paid, payable in monthly installments of not less than $150. The stipulation further provided "that if the defendant herein fails to comply with the terms and conditions of the above mentioned promissory note, plaintiff herein may proceed in the prosecution of the above entitled case".

On November 5, 1951, the plaintiff filed the following pleading:

"SUPPLEMENTAL COMPLAINT

"Now comes the plaintiff and for cause of action against the defendant alleges:

"I.

"That an action was instituted for the sum of $2178.38, plus interest at 6% per annum from August 15, 1950, until July 20, 1951, by the plaintiff against the defendant on or about the 20th day of July, 1951; that thereafter an appearance was made by William B. Murray, attorney at law, 525 Failing Building, Portland 4, Oregon, by Stipulation, for and in behalf of the defendant, which said Stipulation is on file herein duly subscribed by plaintiff's attorney and defendant's attorney; that said Stipulation provided, among other things, for the payment of $2300 compromise settlement, being $500 at the time of said settlement and $1800 balance payable in accordance with the terms of one certain promissory note executed by the defendant; that said Stipulation further provided that in the event the terms and conditions of said promissory note were not fully complied with, the prosecution of this action could continue.

"II.

"That on or about the 1st day of August, 1951, the defendant executed and delivered to the plaintiff

one certain promissory note in the sum of $1800 in terms and figures as follows:

" '$1800.00                    August 1, 1951

" 'For value received we promise to pay to M. Crawford, Jr. or order, ONE THOUSAND EIGHT HUNDRED and no/100 Dollars, in lawful money of the United States of America, with interest thereon in like lawful money at the rate of 6% [sic] per cent, per annum from date until paid, payable in monthly installments of not less than $150.00 in any one payment, together with the full amount of interest due on this note at time of payment of each installment. The first payment to be made on the first day of September 1951, and a like payment on the first day of each month thereafter until the whole sum, principal and interest, has been paid; if any of said installments are not so paid, the whole sum of both principal and interest to become immediately due and collectible. In case suit or action is instituted to collect this note, or any portion thereof, we promise to pay such additional sum as the Court may adjudge reasonable as attorney's fees in said suit or action.

" 'At Portland, Oregon

Due ............, 19......

" '/s/ H. R. Ketell

H. R. Ketell, Individually

/s/ H. R. Ketell

H. R. Ketell

President, Ketell Realty Company' "

"III.

"That the principal and interest payments due on the 1st day of September, 1951, and the 1st day of October, 1951 [,] have been fully paid; that the November 1, 1951 [,] payment of principal and interest remains unpaid. That there is now due,

owing and unpaid from the defendant to the plaintiff the sum of $1500, together with interest thereon at the rate of 6% per annum from the 1st day of October, 1951.

"IV.

"That the promissory note hereinabove set forth haec verba provided, among other things, that in the event a suit or action is instituted to collect said note or any portion thereof, the defendant promises to pay such sum as the Court may adjudge reasonable as attorney's fees in such suit or action; that the sum of $250 is a reasonable sum for the defendant to pay as and for the attorney's fees for the prosecution of this action.

"WHEREFORE, plaintiff demands judgment against the defendant for the sum of $1500 plus interest thereon at the rate of 6% per annum from October 1, 1951, until paid, together with plaintiff's attorney's fee in the sum of $250, plus costs and disbursements herein to be taxed."

On the 16th day of November, 1951, defendant filed an answer to the designated "Supplemental Complaint", denying that the payment of November 1, 1951, was unpaid, and alleging affirmatively that it had been paid and that no sum of money should be allowed as attorney's fees, and prayed that the plaintiff's supplemental complaint be dismissed and that the defendant have judgment for his costs and disbursements. Thereafter, on July 1, 1952, the defendant filed a demurrer to the "plaintiff's complaint and supplemental complaint" upon the ground that plaintiff had failed to state facts sufficient to constitute a cause of action. Thereafter the plaintiff moved against the demurrer, and the same was stricken by the trial court. On September 8, 1952, this action was tried before a jury which returned a verdict in favor of the plaintiff according to the terms of the promissory note.

■■ The defendant complains of the action of the court in striking his demurrer. In this the trial court did not err. The supplemental pleading was a complete cause of action, entirely inconsistent with the theory of recovery to be had in the original complaint. The original complaint no longer was a part of the pleadings, having been entirely superseded by the supplemental complaint, and a demurrer to a non-existent pleading would be an absurdity and frivolous. The power to strike a frivolous pleading is inherent in the court whether or not authorized by statute. *Goldin v. Universal Indemnity Ins. Co.*, 187 A 163, 117 NJ Law 192, 71 CJS 945, 946, Pleading, § 460 b. The same ruling was incorrect insofar as the demurrer attempted to reach the supplemental pleading. The defendant had previously answered, and without asking leave to withdraw the answer filed and substituted therefor the demurrer. The demurrer thus filed, without permission of the court in violation of the rules of pleading, as such was frivolous and subject to the order of the court.

The other complaints of the defendant are that the action was to recover real estate commissions, and that the original complaint did not allege that the plaintiff was a duly licensed real estate broker, and also, that it did not allege that the agreement to pay was in writing.

■■ These objections are without merit for the reason that the original complaint was entirely superseded by a new complaint seeking recovery upon a promissory note, and the so-called "supplemental complaint" was neither a supplemental complaint nor an amendment of the original complaint (71 CJS 580, Pleading, § 275), but an entirely new cause of action arising subsequent

to the original cause. No proper or timely attack upon this substituted new cause of action was made; instead the defendant appeared and joined issue thereon. Under these circumstances, any error of the trial court in permitting the pleading to stand was, after joining issue thereon and a trial had, waived by the defendant.

The judgment of the trial court is affirmed.